**BASIN CREDIT CONSULTANTS, INC. and Patrick O'Brien, Appellants,**

v.

**Lydia OBREGON, Appellee.**

**No. 04–98–01058–CV.**

Court of Appeals of Texas, San Antonio.

May 26, 1999.

Rehearing Overruled July 2, 1999.

Jeffrey Gelb, Houston, for appellant.

Michael J. O'Connor, Raba-O'Connor, L.L.P., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice.

Opinion by: PHIL HARDBERGER, Chief Justice.

Appellants, Basin Credit Consultants, Inc. ("Basin") and Patrick O'Brien ("O'Brien"), appeal a summary judgment in favor of appellee, Lydia Obregon ("Obregon"). The summary judgment finds Basin and O'Brien liable for violations of the Federal Fair Debt Collection Practices Act and the Texas Fair Debt Collection Practices Act. In their sole point of error, Basin and O'Brien assert that they were entitled to have a jury determine the amount of attorney's fees to be awarded. In the alternative, Basin and O'Brien contend that the amount of attorney's fees awarded by the trial court was not reasonable and necessary in relation to the damages awarded to Obregon. Obregon responds that the reasonableness of the attorney's fees award was established as a matter of law because Basin and O'Brien failed to file any competent summary judgment evidence to controvert her attorney's affidavit. We agree with Obregon and affirm the trial court's judgment.

## DISCUSSION

An attorney's affidavit can sufficiently establish the reasonableness of attorney's fees for purposes of summary judgment. *See Querner Truck Lines, Inc. v. Alta Verde Industries, Inc.,* 747 S.W.2d 464, 468 (Tex.App.—San Antonio 1988, no writ). An affidavit filed by the movant's attorney that sets forth his qualifications, his opinion regarding reasonable attorney's fees, and the basis for his opinion will be sufficient to support summary judgment, if uncontroverted. *Enell Corp. v. Longoria,* 834 S.W.2d 132, 135 (Tex. App.—San Antonio 1992, writ denied). An affidavit filed by non-movant's counsel that simply criticizes the fees sought by the movant as unreasonable without setting forth the affiant's qualifications or the basis for his opinion will not be sufficient to defeat summary judgment. *See Querner Truck Lines, Inc.,* 747 S.W.2d at 469 (summary judgment not defeated where controverting affidavit did not show affiant was competent to give opinion testimony about attorney's fees); *see generally* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 9.07[3] (1996) (conclusory affidavit by non-movant's counsel criticizing amount of fees as unreasonable does not raise fact issue).

Obregon attached her attorney's affidavit to her motion for summary judgment.

Her attorney's affidavit sets forth his experience and the basis for his opinion regarding the reasonableness of the attorney's fees Obregon sought.[1] This evidence was sufficient to support summary judgment as to attorney's fees, if uncontroverted. *See Enell Corp.*, 834 S.W.2d at 135; *Querner Truck Lines, Inc.*, 747 S.W.2d at 468.

■ Basin and O'Brien filed three affidavits in an effort to controvert Obregon's summary judgment proof. The first affidavit, which was timely filed, simply criticizes the amount of fees sought by Obregon as excessive. The affidavit does not set forth the affiant's qualifications or the basis for his opinion as to what a reasonable fee would be.[2] The affidavit is conclusory and does not raise a fact issue regarding the reasonableness of the attorney's fees sought by Obregon. *See Querner Truck Lines, Inc.*, 747 S.W.2d at 469; TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 9.07[3] (1996).

■ The second and third affidavits filed by Basin and O'Brien were filed after the summary judgment hearing. A trial court may consider only the summary judgment evidence on file at the time of the summary judgment hearing or filed thereafter and before judgment with permission of the court. *Hussong v. Schwan's Sales Enterprises, Inc.*, 896 S.W.2d 320, 323 (Tex.App.—Houston [1st Dist.] 1995, no writ). Late filed evidence is a nullity unless the record affirmatively shows the trial court's acceptance of the late filing. *Benchmark Bank v. Crowder,* 919 S.W.2d 657, 663 (Tex.1996); *Peek v. Equipment Services, Inc.,* 906 S.W.2d 529, 531 (Tex.App.—San Antonio 1995, no writ). Where no affirmative showing is contained in the record, we presume that the trial court did not consider the evidence. *Benchmark Bank,* 919 S.W.2d at 663; *Peek,* 906 S.W.2d at 531. When a motion for new trial is filed after summary judgment is granted, the trial court may only consider the record as it existed prior to granting the summary judgment. *Leinen v. Buffington's Bayou City Service Co.,* 824 S.W.2d 682, 685 (Tex.App.—Houston [14th Dist.] 1992, no writ).

The second affidavit was filed after the summary judgment hearing, but before summary judgment was granted. There is no affirmative showing in our record that the trial court accepted the late filing of the second affidavit, so we presume the trial court did not consider it as evidence. The third affidavit was attached to the motion for new trial filed by Basin and O'Brien. Since it was not filed prior to the rendition of the summary judgment, it cannot be considered.

### CONCLUSION

The affidavit filed by Obregon's attorney was sufficient to support summary judgment on the issue of attorney's fees. Because Basin and O'Brien failed to controvert the affidavit with timely, competent summary judgment evidence, the trial court properly granted summary judg-

1. The attorney's affidavit states: "I have practiced law in Bexar, Comal and Atascosa Counties beginning in 1985. I am familiar with rates charged for civil trial lawyers in Atascosa County, and the hourly rate of $175 per hour is a reasonable rate for the area and for the services I have provided. I am a 1985 graduate of St. Mary's Law School and have been board certified in Civil Trial Law by the Texas Board of Legal Specialization since 1990. These charges are usual and customary for this area for the same or similar services for an attorney with my experience, reputation, and ability, considering the type of controversy, time limitations imposed and the results obtained."

2. The affidavit states: "The attorney's fees alleged by Plaintiff's Motion for Summary Judgment are not reasonable and necessary for the sum sued upon. Attorney fees for Plaintiff should be less than $4,000.00. The hourly rate of $175.00 per hour is excessive by Plaintiff's attorney and should be $125.00 per hour. The number of hours to complete Plaintiff's attorneys services should be less than 30 hours."

ment. The judgment of the trial court is affirmed.