

# NUMBER 13-07-00497-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GUADALUPE ADRIANA MARTINEZ,**                      **Appellant,**

**v.**

**JORGE E. MIRANDA, M.D.,**                              **Appellee.**

---

### On appeal from the 389th District Court
### of Hidalgo County, Texas

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Guadalupe Adriana Martinez, appeals from the dismissal of a health care liability claim she filed against appellee, Jorge E. Miranda, M.D. Martinez complains that the trial court abused its discretion in dismissing her complaint and in awarding attorney's

fees.  Dr. Miranda has also appealed the judgment, urging that the trial court abused its discretion in reducing the amount of attorney's fees it awarded to him.  We affirm.

## I.  BACKGROUND

Martinez filed suit against Dr. Miranda for medical malpractice because a surgical sponge had been left in her abdomen after she had undergone a Caesarian section performed by Dr. Miranda.  Martinez filed her original petition on January 24, 2006.  In an attempt to comply with section 74.351 of the Texas Civil Practice and Remedies Code, she served Dr. Miranda with a  report written by William Beaty, M.D.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2007).  The original report was not accompanied by Dr. Beaty's curriculum vitae.  Dr. Miranda filed his objections to the report and a motion to dismiss.  The trial court denied the motion.  Dr. Miranda appealed the order denying the motion to dismiss. In a memorandum opinion, this Court found the expert report inadequate and remanded the case to the trial court to determine if Martinez was entitled to an extension pursuant to section 74.351(c).  *Miranda v. Martinez*,  No. 13-06-386-CV, 2007 WL 687001 (Tex. App.–Corpus Christi, Mar. 8, 2007, pet. denied) (mem. op.).

After remand to the trial court, Martinez filed both an amended report prepared by Dr. Beaty and his curriculum vitae.  Dr. Miranda filed objections to the report  and a motion to dismiss based on the inadequacy of the report.  The trial court held a hearing on the motion and entered an order dismissing the case with prejudice and awarding Dr. Miranda attorney's fees in an amount less than he had requested.

## II. THE STATUTE

Chapter 74 of the civil practice and remedies code requires a claimant to provide:

a written report by an expert that provides a fair summary of the expert's

2

opinions as of the date of the report regarding applicable standards of care, manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between the failure and the injury, harm, or damages claimed.

*Id*. § 74.351(r)(6).

The statute further provides that to be qualified to author an expert report, the expert must be a physician or health care provider practicing medicine at the time of the testimony or at the time the claim arose, have knowledge of the accepted standard of care for the diagnosis, care of treatment of the injury, and be qualified based on training or experience to offer an expert opinion regarding the accepted standards of medical care. TEX. CIV. PRAC. & REM. CODE ANN. § 74.401 (Vernon 2005). In determining whether the physician is qualified, the trial court should consider whether the physician is actively practicing medicine in rendering medical care services relevant to the claim. *Id*. § 74.401(c)(2).

If an expert report is not filed in accordance with the statute, the trial court shall enter an order awarding reasonable attorney's fees and costs to the affected physician and dismiss the claim with prejudice. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1)-(b)(2).

### III. STANDARD OF REVIEW

A. Adequacy of the Report

We review a trial court's decision regarding the adequacy of the report under an abuse of discretion standard. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002).

3

B. Attorney's Fees Pursuant to Section 74.351(b)

We also review the trial court's award of attorney's fees after dismissal under section 74.351 for an abuse of discretion. *See Strom v. Mem'l Hermann Hosp. Sys.*, 110 S.W.3d 216, 220 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

IV. ANALYSIS

A. Standard of Care

In order for Dr. Beaty's report to be sufficient, it must set forth the standard of care. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (r)(6). An expert report that accompanies medical malpractice pleadings must provide a fair summary of the expert's opinions regarding the applicable standard of care. *Id.* While a fair summary is something less than a full statement of the applicable standard of care and how it was breached, even a fair summary must set out what care was expected, but not given. *Palacios*, 46 S.W.3d at 880. In a health care liability claim, the standard of care is defined by what an ordinary prudent health care provider or physician would have done under the same or similar circumstances. *Id. Palacios* instructs that "[i]dentifying the standard of care is critical: whether a defendant breached his or her duty to a patient cannot be determined absent specific information about what the defendant should have done differently." *Id.*

Dr. Beaty's report suggests that he, personally, always inspects the abdominal cavity to confirm that bleeding is controlled and all foreign bodies have been removed. However, his statement concerning what he does or does not do does not establish the standard of care. *See Warner v. Hurt*, 834 S.W.2d 404, 407 (Tex. App.–Houston [14th Dist.] 1992, no writ). Dr. Beaty also stated that even though a sponge count was made by

4

the scrub nurse, the surgeon has an independent duty to insure that no sponges are left inside a patient. However, Dr. Beaty does not state exactly what Dr. Miranda's responsibility was under these circumstances. He does not opine concerning what Dr. Miranda should have done differently. Regardless, an expert may not merely state conclusions about the required elements of a cause of action. *Bowie Memorial Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). Dr. Beaty's general statement is conclusory. His report wholly fails to set out the standard of care.

A report that omits any of the statutory requirements is not a good faith effort to comply with section 74.351. *See Palacios*, 46 S.W.3d at 879. Here, the trial court did not abuse its discretion in dismissing Martinez's claim because the report was inadequate, as it did not set forth the standard of care.

B. Causation

A report also cannot merely state the expert's conclusions about the statutorily required elements. *Id*. With regard to causation, Dr. Beaty states that leaving the sponge in Martinez caused inflammation, pain, infection, and fever. But, he does not state that leaving the sponge in Ms. Martinez was caused by any breach of the standard of care by Dr. Miranda. The report does not adequately link Dr. Miranda's actions to Martinez's pain, infection, and fever. *See Castillo v. August*, 248 S.W.3d 874, 882 (Tex. App.– El Paso 2008, no pet.). The trial court was within its discretion because the report was inadequate as it failed to identify a causal link between any breach and the damages or injuries.

Because Martinez's expert report was inadequate for the reasons set forth above, the trial court was within its discretion to dismiss the claim. We overrule appellant's second issue.

5

## V. ATTORNEY'S FEES

By cross-issue, Dr. Miranda urges that the trial court erred in failing to award him the amount of attorney's fees he requested pursuant to section 74.351(b) of the Civil Practice and Remedies Code. *See id.* § 74.351(b). Martinez counters by arguing that the testimony regarding attorney's fees was not clear and direct, that the attorney did not prove that the fees were necessary and that Dr. Miranda's attorney did not bring contemporaneous time records.

When a health care liability suit is dismissed for failure to provide an adequate report, the trial court "shall enter an order that awards the affected physician of health care provider reasonable attorney's fees." Id. § 74.351(b)(1). In determining if the trial court abused its discretion, the appropriate test is whether the evidence in support of the fees contained the attorney's qualifications, his opinion regarding reasonableness, and the basis for his or her opinion. *See Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373 (Tex. App.–San Antonio 1999, pet. denied).

The trial court heard testimony from Ronald Hole, Dr. Miranda's attorney. Mr. Hole testified to his qualifications, opining that reasonable attorney's fees from the point of inception until the hearing were $35,000, in addition to appellate attorney's fees totaling $15,500 and $6,000 if petition for review is granted. He outlined the work he performed and the number of hours he had expended in the case. The trial court also questioned counsel about his fees. She asked Hole to segregate the fees in the case currently before it from the fees incurred in the prior appeal. The court asked what Hole's fees would be without the appellate costs. He estimated the fees to be in the range of $20,000. The trial court's award was $16,600 and conditionally awarding appellate fees.

6

Although awarding fees under the statute is mandatory, courts are afforded discretion in determining the amount of the award. *Great Global Assurance Co. v. Keltex Props.*, 904 S.W.2d 771, 776 (Tex. App.–Corpus Christi 1995, no writ); *see also Arango v. Brummett*, No. 13-02-326-CV, 2003 WL 22025897, at \*1 (Tex. App.–Corpus Christi, Aug. 29, 2003, pet. denied). Dr. Miranda's argument, in essence, is the same argument counsel made in *Arango*; that the trial court had no discretion to award less attorney's fees than the amount he sought to establish because the testimony was uncontradicted. *See Arango,* 2003 WL 22025897*,* at \*2.

Here, counsel for Martinez cross-examined counsel on the reasonableness and necessity of certain fees. Similarly, the trial court said that it was not going to award attorney's fees for the first appeal of this case. When counsel for Dr. Miranda testified that he estimated the amount in the range of $20,000, he presumably excluded the amount of hours spent in the first appeal. The trial court had the discretion to award those fees it determined were reasonable and necessary. Dr. Miranda has not shown that the award was arbitrary or unreasonable. If we were to grant Dr. Miranda the entire amount of attorney's fees, we would be substituting our discretion for that of the trial court. We are without such authority. *See id.,* 2003 WL 22025897, at \*2. We overrule appellant's first issue and cross-appellant's sole issue.

7

## VI. Conclusion

The judgment of the trial court is affirmed.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 3rd day of July, 2008.