# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00376-CV

**Pedro Morales, Appellant**

**v.**

**Bradley Carlin and Elizabeth Carlin, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-18-002076, HONORABLE JAN SOIFER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Pedro Morales appeals from a summary judgment granted in favor of appellees Bradley Carlin and Elizabeth Carlin. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Carlins sold Morales a .274-acre tract of land within the City of Austin ("the Property"). The parties executed an Unimproved Property Contract promulgated by the Texas Real Estate Commission. The Carlins executed a General Warranty Deed that conveyed the Property to Morales. The General Warranty Deed described the Property as a:

> 0.274-acre tract of land, more or less, situated in the Santiago Del Valle Grant, Abstract #24, in Travis County, Texas, same being called 0.274 acre tract conveyed to Jimmy & Mary Butler in Document No. 2000043526, Official Public Records of Travis County, Texas, said 0.274-acre tract being more fully described by metes and bounds on Exhibit A attached hereto and made a part hereof.

Exhibit A to the General Warranty Deed was a metes and bound description of the 0.274-acre tract.

According to Morales, after purchasing the Property he learned that it had not been platted, which prevented him from obtaining a building permit from the City of Austin or connecting to city water, sewer, electricity, gas, or other utility service. *See* Tex. Loc. Gov't Code § 212.012 (providing that, unless certain exceptions apply, municipality may not serve or connect land with water, sewer, electricity, gas, or other utility service unless presented with certification of compliance with plat requirements). Morales then sued his real estate agent and the sellers' listing agent and broker (collectively, "the Real Estate Professionals") and the Carlins alleging various causes of action, all of which were based on Morales's contention that it was not disclosed to him prior to closing that the Property was not platted.

In his live pleading, Morales alleged that the Carlins did not disclose that the Property had not been platted. According to Morales, the Carlins' "failure to disclose" and "purposeful camouflage" that the Property was not platted caused him financial harm. Morales asserted causes of action against the Carlins for statutory and common-law fraud, negligent misrepresentation, violations of the DTPA, and money had and received.[1]

The Carlins filed a general denial and asserted a counterclaim for attorneys' fees based on a provision contained in the Unimproved Property Contract that entitled the prevailing party in litigation arising out of that contract to recover reasonable attorneys' fees and costs. The Carlins then filed a traditional and no-evidence motion for partial summary judgment on all claims

---

[1] Morales's live pleading also alleged causes of action for breach of contract and breach of fiduciary duty against the Real Estate Professionals but not against the Carlins.

asserted against them. The Carlins moved for summary judgment on the ground that, as a matter of law, they had no duty to inform Morales that the property he was purchasing had not been platted. *See* Tex. R. Civ. P. 166a(c). The Carlins also asserted that there was no evidence to support one or more elements of each of Morales's claims. *See id.* R. 166a(i). Among other arguments, the Carlins asserted that there was no evidence that (1) they made any misrepresentation, (2) they had any duty to disclose information that was not disclosed, or (3) Morales relied on any representation made by them.

In response to the Carlins' summary-judgment motion, Morales asserted that section 5.008 of the Texas Property Code obligated the Carlins to provide Morales with a "Seller's Disclosure Notice" conforming to the statutory requirements, which they failed to do. *See* Tex. Prop. Code § 5.008(a) ("A seller of residential real property comprising not more than one dwelling unit located in this state shall give to the purchaser of the property a written notice as prescribed by this section or a written notice substantially similar to the notice prescribed by this section which contains, at a minimum, all of the items in the notice prescribed by this section."), (b) (setting forth information that must be disclosed in the notice). Morales argued that subsection 5.008(a) imposed a duty on the Carlins to inform him that the Property had not been platted. Morales argued that there was evidence to support his claims against the Carlins for statutory and common-law fraud, negligent misrepresentation, and violations of the DTPA.

After a hearing, the trial court granted the Carlins' motion for summary judgment without stating the grounds. The Carlins then filed a motion for entry of a judgment awarding them reasonable attorneys' fees and costs. The trial court signed an order awarding the Carlins

3

$52,387.80 in attorneys' fees and $1,778.44 in costs. The order also awarded the Carlins attorneys'

fees for "presenting or responding to" appeals to this Court and to the Texas Supreme Court. On the

Carlins' motion, the trial court severed all claims by and against them into a separate cause of action,

making the summary judgment final and appealable. Morales then perfected this appeal in which

he challenges both the summary judgment and the award of attorneys' fees.

## DISCUSSION

We review the granting of a motion for summary judgment de novo.[2] When the trial

court does not specify the grounds for its ruling, summary judgment must be affirmed if any of the

grounds on which judgment was sought are meritorious.[3] *State v. Ninety Thousand Two Hundred*

*Thirty-Five Dollars & No Cents in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013).

### *Did the trial court err in granting summary judgment?*

In his first issue, Morales asserts that the trial court erred in granting the Carlins'

motion for summary judgment on his claims of common-law and statutory fraud, negligent

misrepresentation, and violation of the DTPA. The elements of common-law fraud are (1) a material

---

[2] The standards for reviewing a summary judgment are well established and undisputed on appeal. *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *see also Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *see also* Tex. R. Civ. P. 166a(c), (i). Accordingly, we need not repeat them here.

[3] Appellant does not challenge the grounds asserted in the motion for summary judgment on his claim for money had and received. Accordingly, summary judgment must be affirmed as to that claim. *See, e.g.*, *Richardson v. Johnson & Higgins of Tex., Inc.*, 905 S.W.2d 9, 11 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("When a summary judgment order does not state the specific grounds on which it was granted, a party appealing from the judgment . . . must show that each of the independent arguments alleged in the motion is insufficient to support the order.").

4

misrepresentation; (2) that was false when made; (3) that was known by the speaker to be false when it was made or that was made recklessly as a positive assertion without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party justifiably relied on the representation; and (6) the party was injured as a result. *See Ernst & Young , L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). The elements of statutory fraud in a real estate transaction are (1) a false representation of a past or existing material fact, when the false representation is (A) made to a person for the purpose of inducing the person to enter into a contract and (B) relied on by that person in entering into that contract; or (2) a false promise to do an act, when the false promise is (A) material, (B) made with the intention of not fulfilling it, (C) made to a person for the purpose of inducing that person to enter into a contract, and (D) relied on by that person in entering into that contract. Tex. Bus. & Com. Code § 27.01(a). Like common-law fraud, the plaintiff's reliance in statutory fraud must be justifiable. *TCA Bldg. Co. v. Entech, Inc.*, 86 S.W.3d 667, 674 (Tex. App.—Austin 2002, no pet.).

A misrepresentation may consist of the concealment or nondisclosure of a material fact when there is a duty to disclose. *Custom Leasing, Inc. v. Texas Bank & Tr. Co.*, 516 S.W.2d 138, 142 (Tex. 1974); *Miller v. Kennedy & Minshew, P.C.*, 142 S.W.3d 325, 345 (Tex. App.—Fort Worth 2003, pet. denied). A seller of real estate is under a duty to disclose material facts that the purchaser, by the exercise of ordinary care and diligence, would not discover, or that a reasonable investigation and inquiry would not uncover. *Smith v. Nat'l Resort Communities, Inc.*, 585 S.W.2d 655, 658 (Tex. 1979). The duty to disclose arises when one party knows that the other party is ignorant of the true facts and does not have an equal opportunity to discover the truth. *Miller*, 142 S.W.3d at 345.

5

A fact is material if it would likely affect the conduct of a reasonable person concerning the transaction in question. *Custom Leasing*, 516 S.W.2d at 142; *Miller* 142 S.W.3d at 345.

Morales's common-law and statutory fraud claims are predicated on his contention that the Carlins failed to disclose the Property's platting status and that such failure constituted a misrepresentation giving rise to liability. On appeal, Morales argues that the trial court erred in concluding that the Carlins did not have a duty to disclose the fact that the Property was not platted. We disagree. The summary-judgment evidence establishes that Morales had an equal opportunity to discover that the Property was not platted and that a reasonable investigation and inquiry would have uncovered that fact. *See Smith*, 585 S.W.2d at 658; *Miller*, 142 S.W.3d at 345. Morales stated in his deposition that he could have discovered the lack of a plat if he had conducted a simple investigation into the public records. Thus, the summary-judgment evidence establishes that a reasonable investigation by Morales would have uncovered the fact that the Property was not platted. Morales also testified in his deposition that he had not read the Unimproved Property Contract, the Deed, the Title Commitment, or any of the other closing documents. The Title Commitment included the following provision:

> NOTE TO BUYER: Any tract of land that is not a full, legally subdivided lot may be subject to a requirement of filing a new subdivision plat prior to any construction or improvement permit being issued. If applicable to the transaction, purchasers should contact the appropriate authority to confirm their property's status and their ability to use the property for their intended purposes.

The Title Commitment informed Morales of the need to exercise ordinary care and diligence to confirm that the Property was a "full, legally subdivided lot." The Texas Local Government

Code provides a mechanism for obtaining such a determination in a timely manner. *See* Tex. Loc. Gov't Code § 212.0115(c) (on written request of purchaser of real property under contract for deed, municipal authority responsible for approving plats shall determine whether plat is required and whether plat has been reviewed and approved), (f) (municipal authority shall make its determination within 20 days after it receives request under subsection (c)). Thus, the summary-judgment evidence established that Morales had an equal opportunity to discover that the Property was not platted and that the Property's platting status was discoverable through the exercise of ordinary care, reasonable diligence, or a reasonable investigation. The trial court correctly concluded that the Carlins did not have a duty to disclose the lack of platting to Morales.[4] Thus, their failure to disclose the Property's platting status cannot constitute a misrepresentation for purpose of either common-law or statutory fraud in a real estate transaction. *See Custom Leasing*, 516 S.W.2d at 142 (nondisclosure of material fact may constitute misrepresentation if there is duty to disclose it).[5] Because a material misrepresentation is an essential element of a claim for common-law and statutory fraud, the trial

---

[4] On appeal, Morales claims that the Carlins' disclosure of other conditions of the Property, specifically the fact that it was not connected to the City's sewer line, prevented him from discovering the lack of platting. According to Morales, the Carlins' disclosure of the sewer line issue "misled [him] to think the sewer connections were the only issue with the Property" and the "red herring" of the sewer line disclosure deprived him of an "equal opportunity to discover the truth" regarding the platting. Morales cites no authority supporting his contention that the seller's disclosure of one condition relieves the purchaser of its obligation to exercise ordinary care and diligence and conduct a reasonable investigation. Nor does he provide authority supporting the proposition that a seller's disclosure of one condition of real property creates a duty, not otherwise imposed by law, to disclose other conditions of real property. We are unpersuaded by Morales's argument that the disclosure of the lack of sewer service to the Property created an obligation that the Carlins disclose other conditions of the Property, such as its platting status, that they were not otherwise under a duty to disclose.

[5] For purposes of this discussion we are assuming, without deciding, that the Property's platting status constituted a "material fact."

7

court properly granted summary judgment in favor of the Carlins on those claims. *See Little v. Texas Dep't of Crim. Justice*, 148 S.W.3d 374, 381 (Tex. 2004) (trial court should grant defendant's motion for summary judgment if defendant disproves at least one essential element of plaintiff's cause of action).

The elements of a cause of action for negligent misrepresentation are that a person (1) makes a representation in the course of a transaction in which he has a pecuniary interest, (2) in the course of that representation the person supplies "false information" for the guidance of others in their business, (3) the person did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the person justifiably relying on the information suffers pecuniary loss. *See Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). On appeal, Morales argues that the representation that supplied "false information" to him was the inclusion in the listing documents of the following: "Offers are currently looking into sewer options. Seller is encouraging buyers . . . [to] understand the sewer line challenge before contracting. Accomid [sic] . . . single family home, duplex & is zoned for a variety of other uses per the county." According to Morales, this information was "false" because, by providing it, the Carlins "fraudulently concealed the larger issue of the Property not being platted." Morales does not, however, explain how providing information about the sewer connection serves to conceal any other conditions of, or issues related to, the Property, including the lack of platting. The parties agree that this information is true. Because there is no evidence of a fact vital to Morales's claim of negligent misrepresentation—i.e., that the Carlins supplied false information about the Property—the trial court correctly granted summary judgment in the Carlins' favor on that claim. *See King Ranch, Inc.*

*v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (summary judgment should be granted when there is complete absence of vital fact or evidence conclusively establishes opposite of vital fact).

The DTPA provides a consumer a cause of action for misrepresentations or unconscionable acts. *See* Tex. Bus. & Com. Code §§ 17.41-.63. On appeal, Morales does not identify any alleged misrepresentation other than the failure to disclose the Property's platting status. Instead, his argument is confined to his contention that he is a "consumer" covered by the DTPA. As discussed above, in the absence of a duty to disclose that the Property was not platted, the Carlins failure to do so does not constitute a misrepresentation that could give rise to a claim under the DTPA. The trial court properly granted summary judgment in the Carlins' favor on this claim. *See Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970) (summary judgment proper when summary judgment proof establishes as matter of law that there is no genuine issue of fact as to one or more essential element of plaintiff's cause of action).

Having concluded that the trial court properly granted summary judgment in the Carlins' favor on Morales's claims against them for common-law and statutory fraud, negligent misrepresentation, and violation of the DTPA, we overrule Morales's first issue.

### Does Texas Property Code section 5.008 apply to this transaction?

In his second issue, Morales asserts that section 5.008 of the Texas Property Code applies to transactions involving "vacant land" and, consequently, the Carlins should have prepared and provided a seller's disclosure in conformance with the requirements of that statute. *See* Tex. Prop. Code § 5.008(a). According to Morales, the statute imposed on the Carlins a duty to disclose

9

information about the Property such that their failure to provide the statutory seller's disclosure constituted an actionable misrepresentation regarding the Property's platting status.

Section 5.008(a) provides:

> A seller of residential real property comprising not more than one dwelling unit in this state shall give to the purchaser of the property a written notice as prescribed by this section or a written notice substantially similar to the notice prescribed by this section which contains, at a minimum, all of the items in the notice prescribed by this section.

*Id.*[6] The statute provides that it does not apply to eleven different types of transfers, including a transfer "of real property where the value of any dwelling does not exceed five percent of the property value." *Id.* § 5.008(e)(11). Morales asserts that the purpose of subsection 5.008(e)(11) is to exempt from the statute transfers of real property on which there is a "dilapidated" structure that does not exceed five percent of the property value but *not* to exempt transfers of real property that have no structures on them. Morales alleges that because there was no structure on the property he purchased from the Carlins, the transfer did not fall within the 5.008(e)(11) exemption to the disclosure requirement, and the Carlins were required by law to provide him with a disclosure substantially similar to the form of notice set forth in subsection 5.008(b). *See id.* § 5.008(b) (identifying minimum disclosures that must be made and requiring that written notice be in form "substantially similar" to that provided in statute).

The scope of subsection 5.008(e)(11) presents a question of statutory construction, which we review de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

---

[6] Subsection 5.008(b) provides a form of the Seller's Disclosure Notice. Tex. Prop. Code § 5.008(b).

In construing statutes, our primary goal is to determine and give effect to the legislature's intent. *Id.* When the statutory text is unambiguous, we adopt a construction supported by the statute's plain language, unless that construction would lead to an absurd result. *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). We consider the statute as a whole, not as isolated provisions, and we do not give one provision a meaning out of harmony or inconsistent with other provisions, even though it might be susceptible to such a construction standing alone. *See Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

Section 5.008, by its terms, applies to sales of "residential real property comprising not more than one dwelling unit" and does not apply to the transfer of real property on which the "value of any dwelling does not exceed five percent of the value of the property." Tex. Prop. Code § 5.008(a). Thus, the statute plainly applies to sales of real property on which is located only one dwelling unit, the value of which represents more than five percent of the value of the property transferred. In the present case, the Property did not have any dwelling unit on it, much less one that was valued at more than five percent of the Property's total value. Consequently, the transfer of the Property did not fall within the scope of section 5.008, which applies only to a sale of "residential" real property. That the Legislature intended that section 5.008 apply to transfers of land that have a dwelling unit of more than de minimis value, and not to transfers of unimproved real property, is apparent from the type of information the seller is required to disclose, including what appliances are present and their condition; the nature of any heating and cooling systems; the presence of decking, spas, hot tubs, fireplaces, and garages; and the roof type. *See id.* § 5.008(b). The statute requires that the notice include disclosures regarding the presence of termites, previous termite

damage, water penetration, lead based paint, and aluminum wiring. The seller is also required to disclose whether he is occupying the property and, if not, how long it has been since he did. *Id.* Thus, as applied to vacant land with no dwelling unit, the contents of the disclosure would provide little to no information of value to a purchaser and would serve essentially no purpose. *See City of Dallas v. TCI West End, Inc.*, 463 S.W.3d 53, 55 (Tex. 2015) (courts must avoid adopting interpretation that renders any part of statute meaningless). The statute's reference to "residential real property," as well as the nature of the information required to be disclosed, indicate the Legislature's intent that section 5.008 apply to transfers of real property on which there is a dwelling unit whose value represents more than five percent of the property's value, and not to the sale of vacant land such as the Property at issue in this case. *See id*. at 55 ("We consider the statute as a whole, rather than viewing individual provisions in isolation, and presume the Legislature selected the statute's language with care, choosing each word for a purpose and purposefully omitting words not chosen."). We hold that section 5.008 of the Texas Property Code had no application to the transaction at issue in this case.[7] Morales's second issue is overruled.[8]

---

[7] We also note that section 5.008 does not require disclosure of matters related to either the zoning or the platting of real property. *See id.* (setting forth information that must be disclosed in the notice). Thus, even if the Carlins were required to provide Morales with the section 5.008 notice, the statute would not have required that they make any disclosure regarding the Property's platting status.

[8] We also overrule Morales's third issue in which he asserts that the Carlins are liable, as principals, for the alleged failure of their listing agent to disclose the Property's platting status. Morales provides no support for his assertion that the listing agent had any duty to disclose information regarding whether the Property was platted.

*Did the trial court properly award attorneys' fees?*

In his fourth issue, Morales challenges, on a number of grounds, the trial court's award of attorneys' fees to the Carlins. First, Morales asserts that the award of fees was improper because of "lack of adequate notice" of the claim. We do not agree with this assertion. Along with their general denial, the Carlins filed a counterclaim seeking an award of attorneys' fees pursuant to the Unimproved Property Contract, which included the following provision:

> **ATTORNEY'S FEES:** A Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding.

After the trial court granted summary judgment in their favor, the Carlins filed a motion seeking an award of attorneys' fees pursuant to the contract. The Carlins filed in the trial court their attorney's affidavit attorney stating that $52,357.80 represented reasonable fees for performing legal services necessary for defending against Morales's lawsuit. The firm's billing records were attached as an exhibit. On March 1, 2018, the Carlins filed a notice of hearing on the motion for attorneys' fees for March 6. At an evidentiary hearing, the Carlins' counsel testified as to the reasonableness and necessity of the attorneys' fees. Counsel for Morales appeared at the hearing but did not object to the testimony or cross-examine the witness. The trial court admitted into evidence, without objection, both the Unimproved Property Contract and the attorney's invoices. After the hearing, the trial court signed an order awarding the Carlins attorneys' fees.

The record demonstrates that (1) Morales had notice that the Carlins intended to seek an award of attorneys' fees, (2) the Carlins provided Morales with information regarding the

specific fees sought in a timely manner before the hearing on their motion, (3) the Carlins provided Morales with timely notice of the hearing, and (4) counsel for Morales attended the hearing but made no objection to the evidence of fees admitted by the trial court and made no effort to cross-examine counsel for the Carlins regarding the reasonableness or necessity of the fees incurred. We reject Morales's claim that the Carlins did not adequately notify him of their claim of attorneys' fees[9] or that the attorneys' fee award violated any constitutional due process rights.[10]

Morales argues that the attorneys' fee award was error because the Carlins "never presented a claim for attorney's fees," which, according to him, was a "condition precedent" to an award of attorneys' fees. Morales relies on the presentment requirement when attorneys' fees are sought pursuant to chapter 38 of the Texas Civil Practices and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 38.001 (setting forth eight types of claims for which party may recover reasonable attorneys' fees in addition to amount of claim), .002(2) (to recover attorneys' fees under chapter 38 claimant must present claim to opposing party); *Beauty Elite Grp., Inc. v. Palchick*, No. 14-07-00058-CV, 2008 WL 706601, at *4 (Tex. App.—Houston [14th Dist.] Mar. 18, 2008, no pet.) (mem. op.) ("The presentment requirement provides an opportunity for payment of the claimed contract amount before attorney's fees have been incurred."). When a party seeks to recover attorneys' fees for a claim under chapter 38, he or she must present the claim to the other party to

---

[9] Although on appeal Morales claims that the Carlins failed to comply with the disclosure requirements of Texas Rule of Civil Procedure 194.2(f), counsel for Morales made no such objection to the trial court and any complaints of non-compliance with rule 194.2(f) have been waived. *See* Tex. R. App. P. 33.1.

[10] Moreover, Morales did not raise any constitutional challenges in the trial court and waived any due process complaint. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (constitutional error can be waived if not raised in trial court).

14

allow the opposing party to pay the claim before the claimant incurs attorneys' fees for which the defendant will be liable. Chapter 38 is inapplicable to the present case. Rather, the Carlins were defending against Morales's claims arising from his purchase of the Property—a claim based on the Unimproved Property Contract—and sought to recover attorneys' fees as a "prevailing party" per their contract. Presentment of a counterclaim for attorneys' fees as a "prevailing party" pursuant to a contract provision is not required. *See McMann v. McMann*, 942 S.W.2d 94, 97-98 (Tex. App.—Houston [1st Dist.] 1997, no writ) (presentment requirement of section 38.002 applies only to claimants seeking attorneys' fees "under [that] chapter").

Morales also argues that the Carlins are not a "prevailing party" entitled to attorneys' fees under the contract provision. Morales is incorrect. The Unimproved Property Contract does not define "prevailing party," but we "presume the parties intended the term's ordinary meaning." *International Grp. P'ship. v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005)). A prevailing party is the party "who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention." *Johns v. Ram Forwarding, Inc.*, 29 S.W.3d 635, 637-38 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (citing *City of Amarillo v. Glick*, 991 S.W.2d 14, 17 (Tex. App.—Amarillo 1997, pet. denied)). This Court has observed that "'prevailing party' status requires obtaining relief from the court (e.g., 'enforceable judgments on the merits and court-ordered consent decrees') that effect a material alteration of the legal relationship of the parties.'" *See Wibbenmeyer v. TechTerra Commc'ns, Inc.*, No. 03-09-00122-CV, 2010 WL 1173072, at *10 (Tex. App.—Austin Mar. 26, 2010, pet. denied) (mem. op.); *see also Old HH, Ltd.*

15

*v. Henderson*, No. 03-10-00129-CV, 2011 WL 6118570, at *3 (Tex. App.—Austin Dec. 9, 2011, no pet.) (mem. op.). A prevailing party is one who is "vindicated by the trial court's judgment." *See Robbins v. Capozzi*, 100 S.W.3d 18, 27 (Tex. App.—Tyler 2002, no pet.). The Carlins, as defendants, did not seek recovery of damages. Rather, their sole purpose in the litigation was to defend themselves against Morales's causes of action. The Carlins prevailed in the trial court when the court granted summary judgment on all Morales's claims and rendered in their favor a take-nothing judgment. That judgment effected a material alteration in the Carlins' legal relationship with Morales. Consequently, we hold the Carlins were entitled, under the "prevailing party" clause of the Unimproved Property Contract, to their attorneys' fees for defense of the claims asserted by Morales related to the Property sale transaction.[11]  *See Old HH, Ltd.*, 2011 WL 6118570, at *4 (citing *Fitzgerald v. Schroeder Ventures II, LLC*, 345 S.W.3d 624, 630 (Tex. App.—San Antonio 2011, no pet.) (defendants who obtained take-nothing judgment in their favor were prevailing parties entitled to recover attorneys' fees under parties' agreement)).[12]

---

[11] Although the attorneys' fee award includes some fees associated with defending claims against individuals who are not parties to the Unimproved Property Contract, Morales did not object to the inclusion of those fees in the attorneys' fee award nor did he object to any failure to segregate fees incurred in representing the Carlins from those incurred in representing other defendants. Consequently, any complaint that those individuals are not "prevailing parties" entitled to recovery of attorneys' fees has been waived. *See* Tex. R. App. P. 33.1 (as prerequisite to presenting complaint for appellate review, record must show that complaint was timely made to trial court); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997) (error waived when party does not object to failure to segregate attorneys' fees).

[12] On appeal Morales asserts that the Carlins somehow breached the Unimproved Property Contract and, consequently, cannot recover attorneys' fees. The trial court's order granted summary judgment in the Carlins' favor on all Morales's claims against them and there is nothing in the judgment indicating that the trial court concluded that the Carlins in any way breached their contract with Morales. Morales's assertion is without merit.

16

Morales also challenges on appeal the amount of the attorneys' fees awarded on the grounds that the evidence did not "conclusively establish" an amount as required by the summary judgment standard, the amount of the fees was not reasonable, and counsel for the Carlins did not segregate fees associated with defending Morales's claims from fees "associated with any other parties to the litigation." However, the trial court did not award attorneys' fees on motion for summary judgment but, rather, pursuant to a motion for an award of reasonable and necessary attorneys' fees as provided by the contract between the parties. Counsel for the Carlins submitted his firm's billing records identifying each of the tasks performed in defending against Morales's claims, testified that the tasks performed were reasonable and necessary to defend against those claims, and provided evidence supporting the reasonableness of the fees charged for the legal services performed. The evidence was admitted without objection. At the hearing Morales did not object to the reasonableness of the fees or to counsel's failure to segregate fees incurred in representing the Carlins from fees associated with representation of other parties. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997) ("[I]f no one objects to the fact that the attorney's fees are not segregated as to specific claims, then the objection is waived."). We overrule Morales's challenge to the reasonableness of the attorneys' fee award.[13]

Finally, Morales contends that the award of appellate attorneys' fees was improper because it was based on "estimates of counsel" and that there was "no testimony with regard to the

---

[13] We also note that, while the reasonableness and necessity of attorneys' fees ordinarily is a question of fact, "[a]n attorney's affidavit can sufficiently establish the reasonableness of attorney's fees for purposes of summary judgment." *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373 (Tex. App.—San Antonio 1999, pet. denied).

17

estimated number of hours an appeal would require, the rate at which the tasks of appeal would require, and ultimately whom would perform the work on appeal." In his affidavit, counsel for the Carlins stated that, in his opinion based on his "knowledge of what other, similar appeals handled by his firm have required in terms of number of hours and the per hour billing rates of our board certified attorneys," a reasonable amount for an appeal to this Court would be $50,000, a reasonable fee for responding to a petition for review in the Texas Supreme Court would be $15,000, and a reasonable fee for preparing briefing on the merits in the Texas Supreme Court, if requested, would be $35,000. At the hearing, counsel for the Carlins testified that he discussed the costs of an appeal of this case with board certified appellate attorneys at his firm who agreed with his estimates. Although counsel for Morales objected that the amounts awarded were "only an estimate," he did not offer any evidence controverting the testimony of the Carlins' counsel. *See Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373 (Tex. App.—San Antonio 1999, pet. denied). Testimony of an interested witness that "is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon" may be taken as true, as a matter of law. *Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 547 (Tex. 2009). "The court, as trier of fact, may award attorneys' fees as a matter of law in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). Because the counsel's affidavit and testimony are uncontroverted and establish the reasonableness of the estimated fees sought in line with the applicable factors, we conclude the trial court did not err in awarding the appellate fees. We overrule Morales's fourth issue.

**CONCLUSION**

Having overruled each of Morales's issues on appeal, we affirm the trial court's judgment.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   March 28, 2019