## TREVINO v. AMERICAN NAT. INS. CO.

### No. 11088.

Court of Civil Appeals of Texas. San Antonio.

Feb. 4, 1942.

Rehearing Denied March 4, 1942.

Guy Cater and Walter Hein, both of San Antonio, for appellant.

Maxwell Burkett, of San Antonio, for appellee.

MURRAY, Justice.

This is a suit on a life insurance policy brought by appellant, Anita Trevino, against appellee, American National Insurance Company, the insurer.

The case was tried to a jury. Three special issues was submitted to the jury, but only two answered; however, the verdict was received by the court and judgment rendered for the defendant Insurance Company.

The insurance policy was issued on March 21, 1938, upon the life of Alfonso Urrea. Urrea died on April 28, 1938. This suit was instituted on July 29, 1938, and appellee answered by general demurrer and general denial on August 15, 1938. The case was called on February 17, 1941, at which time appellant was permitted to change the alleged date of the issuance of the policy from May 3, 1938, to March 21, 1938. Until this interlineation was made the petition alleged an impossible date, as it showed the policy issued after the death of the insured. After the interlineation, appellee filed an amended motion affirmatively setting up the defense that the policy was not in effect at the date of insured's death, because insured was not in good health at the time the policy was delivered. In other words, the general demurrer and general denial were filed within two years after the policy was issued, but the amended answer was filed after the two year period. The policy contained a provision to the effect that: "No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health." And the policy fur-

ther provided that the policy was incontestable after two years except for non-payment of premiums. Section 3 of Article 4732, Vernon's Ann.Civ.Stats., contains a similar provision as to incontestability of insurance policies after two years from the date of their issuance.

The question here presented is whether or not appellee contested the policy of insurance when it filed its general demurrer and general denial. It is clear that before an insurance company can be said to have contested an insurance policy some kind of court procedure must have been instituted. American National Ins. Co. v. Welsh, Tex.Civ.App., 3 S.W.2d 946.

Appellant's original petition alleged, in effect, that the policy was in full force and effect at the time of insured's death, and appellee by its general denial challenged this allegation. This constituted such a contest of the policy within the two year period as to toll the limitation provided for in the policy and by Section 3 of Article 4732, supra. Scharlach v. Pacific Mutual Life Insurance Company, 5 Cir., 9 F.2d 317; Art. 5539b, Vernon's Annotated Civil Statutes.

The judgment is affirmed.