FLINTKOTE SUPPLY COMPANY et al., Appellants,

v.

Joel B. THOMPSON, Appellee.

No. 8514.

Court of Civil Appeals of Texas, Beaumont.

Oct. 9, 1980.

Michael R. McGown, Beaumont, for appellants.

D. H. O'Fiel, Beaumont, for appellee.

CLAYTON, Justice.

Appellee, plaintiff below, filed this suit against appellants, Flintkote Supply Company and Red Barn Builders Supply, for damages for breach of warranty under the Texas Deceptive Trade Practices Act, *Tex. Bus. & Comm.Code Ann. § 17.41, et seq* (Supp.1980). In a non–jury trial, the trial court entered judgment for appellee in the sum of $1,400 in actual damages and $1,100 for attorney's fee, from which judgment this appeal has been perfected.

Appellee's cause of action was based upon breach of warranty arising from defective roofing shingles used in roofing appellee's home. The shingles were manufactured by Flintkote and purchased from Red Barn. Upon timely request by appellants, findings of fact and conclusions of law were filed wherein the trial court found that: (1) plaintiff purchased from the defendants the roofing material; (2) the material was manufactured by Flintkote and distributed and sold by Red Barn; (3) such roofing material was not "merchantable"; (4) defendants were given notice as to the purpose for which such material was to be used; (5) written demand was made by plaintiff for "installation of good roofing material or the cost of replacing good roofing material"; (6) defendants failed to make "proper response" to such request; (7) plaintiff's damages are the sum of $1,400; and (8) reasonable attorney's fee is $1,100. The trial court concluded that: (1) there was an implied warranty in the sale made by the defendants to plaintiff; and (2) there had been a breach of the implied warranty.

Appellants' first point complains of error "in finding that there was no expressed warranty delivered to the Plaintiff." The trial court did not make such a finding of fact.

Appellants filed their request for findings of fact and conclusions of law, and the trial court filed such findings and conclusions. The findings so filed were completely silent as to a written warranty. It was incumbent upon appellants to request additional findings as to a written warranty if they desired such findings. *Tex.R.Civ.P. 298.* Not having done so, appellants waived such findings. *Bokhoven v. Bokhoven,* 559 S.W.2d 142 (Tex.Civ.App.–Tyler 1977, no writ); *Nelson v. Flache,* 487 S.W.2d 843 (Tex.Civ.App.–Amarillo 1972, writ ref'd n. r. e.). This point is without merit and is overruled.

Appellants' second point complains of the admission of testimony from the appellee that he did not receive a written warranty from the defendants "because the Plaintiff had previously judicially admitted that he received a written warranty." Defendants' primary defense was based upon a written warranty which limited their liability for defective shingles, excluding liability for consequential damages, and excluding "all other express warranties."

This "Limited Warranty Certificate" appears in the record as a mere "specimen," so designated by defendants, as the form of warranty certificate provided by Flintkote to be delivered to Red Barn, which in turn would deliver it to the purchaser. There is nothing in the record to show that such warranty certificate was furnished to or received by appellee. Appellee denied ever receiving such a certificate. Appellants argue, however, that appellee judicially admitted receiving it. Appellee alleged in his pleadings that "Flintkote and Red Barn each gave a written guaranty as to the quality of the product and stated that same would be proper for the purpose for which they were purchased . . . ."

■ The thrust of appellants' argument is that appellee judicially admitted that he had received the "specimen" warranty. This argument necessarily presumes the receipt of the written warranty which contained provisions relating to limited liability, notice, warranty period, and other matters. Appellee's allegation concerned only the warranty as to the quality of the shingles, and nothing concerning the other elements contained in the "specimen." As to all the conditions contained in the written "specimen," appellee made no such allegations. To constitute a judicial admission, the allegations must be such as to be deliberate, clear, and unequivocal. *Carter v. Walton*, 469 S.W.2d 462 (Tex.Civ.App.–Corpus Christi 1971, no writ); *Dallas Transit Company v. Young*, 370 S.W.2d 6 (Tex.Civ.App.–Dallas 1963, writ ref'd n. r. e.); *Mendoza v. Fidelity & Guaranty Insurance Underwriters, Inc.*, 606 S.W.2d 692 (Tex.1980–23 Tex.Sup.Ct.Jrl. 600, 602, 1980). The allegations made by appellee, for the purpose asserted by appellants, are not so deliberate, clear, and unequivocal. Moreover, the pleadings containing the "admissions" are not evidence. *Pinson v. Dreymala*, 320 S.W.2d 152 (Tex.Civ.App.–Houston 1958, writ dism'd); *Davis v. Spraggins*, 449 S.W.2d 80 (Tex.Civ.App.–Amarillo 1969, writ ref'd n. r. e.). There is nothing in the record before us showing the pleadings were introduced into evidence. This point is overruled.

Appellants' third and fourth points relate to the "written warranty" referred to in our disposition of their second point and are overruled for the reasons stated therein.

■ Appellants' fifth point complains of the award of $1,400 in damages for the reason "Plaintiff failed to prove the proper element of damages. . . ." Appellants state in their brief that appellee's "only proof was the replacement cost" of the defective shingles. They argue the proper measure of damages is the "cost of the shingles as represented as compared to the actual cost of the shingles." We do not agree that such is the proper measure of damages in the case at bar. It is unquestioned that the reroofing or replacement of the shingles by appellee was done without impairing the building as a whole. Where such circumstances exist, it is well settled that the measure of damages for defects which can be remedied without impairing the building as a whole is the reasonable cost of remedying the defects. *Rogowicz v. Taylor and Gray, Inc.*, 498 S.W.2d 352, 61 A.L.R.3d 916 (Tex.Civ.App.–Tyler 1973, writ ref'd n. r. e.); *General Supply and Equipment Co., Inc. v. Phillips*, 490 S.W.2d 913 (Tex.Civ.App.–Tyler 1972, writ ref'd n. r. e.). This point is overruled.

■ Appellants next complain of awarding $1,100 for attorney's fee by legal and factual insufficiency points. Appellee's counsel testified that he had numerous conferences, various negotiations, and communications relating to this case. He had prepared for taking depositions on two or three occasions and spent five hours in taking depositions. He had "expended approximately 25 working hours and the prevailing rate being $75 per hour" which "is a very fair charge . . . " and "that a reasonable and proper fee . . . would be $1,750." This testimony was uncontradicted.

In the absence of anything to the contrary, we will assume that the trial court considered the established elements in determining a reasonable attorney's fee as enumerated in *McFadden v. Bresler Malls,*

*Inc.*, 526 S.W.2d 258 (Tex.Civ.App.–Austin 1975, no writ), as well as considering the rule that opinion testimony by an attorney as to the value of such services, although not conclusive, may be given great weight by the trier of facts. *Trevino v. American Nat. Ins. Co.*, 140 Tex. 500, 168 S.W.2d 656 (1943). The testimony given by counsel was legally and factually sufficient to support the trial court's award of $1,100 for attorney's fee.

Complaint is made by appellee of failure of the trial court to award treble damages under *Sec. 17.50(b)(1)* of the Deceptive Trade Practices Act. Appellant has made no reply to this complaint. At the time this cause of action arose, the Act then in existence provided for the award of treble damages for the violation of the Act. The trial court found there had been a breach of an implied warranty. Such breach is a violation of the Act which creates a cause of action as expressly authorized by *Sec. 17.50(a)(2)*. It has been expressly held by our Supreme Court in *Woods v. Littleton*, 554 S.W.2d 662, 671 (Tex.1977), under the Act in effect at the time of the accrual of this cause of action, the award of treble damages is made mandatory. The trial court was in error in not awarding treble damages, and the award for damages should have been in the amount of $4,200.

The judgment of the trial court is affirmed in all things except as to the amount of damages, and we now enter the judgment which should have been entered by the trial court–appellee shall have judgment, jointly and severally, over and against Flintkote Supply Company and Red Barn Builders Supply in the sum of $4,200 for damages and $1,100 attorney's fee. This judgment shall bear interest from February 25, 1980, at the rate of nine percent (9%) per annum.

All costs incurred in the court below and on this appeal shall be assessed equally against Flintkote Supply Company and Red Barn Builders Supply.

Judgment is AFFIRMED in part and REVERSED and RENDERED in part.