



# MEMORANDUM OPINION

No. 04-12-00188-CV

**GTFM CAR COMPANY INC.** d/b/a U.S. Car Company,
Appellant

v.

Lorena **RODRIGUEZ**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 368922
Honorable Jason Pulliam, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 24, 2012

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Appellee Lorena Rodriguez sued appellant GTFM Car Company, Inc. d/b/a U.S. Car Company ("GTFM") for breach of contract and violations of the Texas Deceptive Trade Practices Act ("DTPA") based on the claim that GTFM failed to transfer title to a vehicle purchased by Rodriguez to Rodriguez within the time prescribed by statute.  Rodriguez moved for summary judgment on her claims, and the trial court granted the motion, awarding Rodriguez

$4,400 in actual and consequential damages, attorney's fees in the amount of $15,850, court costs, and contingent appellate attorney's fees.

On appeal, GTFM contests only the award of attorney's fees, asserting: (1) the affidavit of GTFM's attorney raised an issue of material fact regarding the reasonableness of attorney's fees; (2) the award of appellate attorney's fees was improper; and (3) there was no evidence of an attorney's fee contract between Rodriguez and her attorney. We affirm in part, and reverse and remand in part.

## BACKGROUND

According to the pleadings, on February 14, 2011, Rodriguez purchased a preowned vehicle from GTFM. After the purchase, Rodriguez claimed GTFM failed to transfer title of the vehicle to her as required by the Texas Transportation Code. She also claimed that after she took possession of the vehicle, she began to experience "major mechanical problems." Rodriguez returned the vehicle to GTFM, which told her it had been repaired. However, on her way home, the vehicle malfunctioned and the "check engine light illuminated." On February 16, 2011, Rodriguez stated she returned the vehicle to GTFM, demanding it be repaired or the sale rescinded. According to Rodriguez, GTFM refused to make further repairs and refused to return the purchase price. Thereafter, Rodriguez filed suit against GTFM, alleging breach of contract, fraud, negligent misrepresentation, fraudulent concealment, violations of the DTPA, and breach of the implied warranty of merchantability under the Texas Business & Commerce Code. In addition to damages for her claims, Rodriguez sought recovery of attorney's fees under section 38.001 of the Texas Civil Practice & Remedies Code and under the DTPA.

Ultimately, Rodriguez moved for summary judgment on her breach of contract and DTPA claims. She also asserted entitlement to attorney's fees under section 38.001 and the

DTPA. In support of her request for attorney's fees, Rodriguez attached the affidavit of her attorney. GTFM filed a response to the motion for summary judgment.

After a hearing, the trial court rendered judgment for Rodriguez, awarding her $4,400.00 in actual and consequential damages and, "as permitted by TEX. BUS. & COM. CODE ANN. § 17.50(b)," attorney's fees in the amount of $15,850.00. The court also awarded Rodriguez court costs, $5,000.00 in appellate attorney's fees in the event of an unsuccessful appeal by GTFM to this court, and $5,000.00 in appellate attorney's fees in the event of an unsuccessful appeal by GTFM to the supreme court. After rendition of judgment, GTFM perfected an appeal to this court, complaining only of the award of trial and appellate attorney's fees.

## ANALYSIS

On appeal, GTFM raises three points of error. First, GTFM contends the trial court erred in granting summary judgment in favor of Rodriguez on her request for trial attorney's fees, arguing it produced summary judgment evidence creating an issue of fact with regard to the reasonableness of the fees as set forth in the affidavit of Rodriguez's attorney. GTFM next challenges the award of appellate attorney's fees, arguing the affidavit of Rodriguez's attorney was insufficient as a matter of law. Finally, GTFM contends the trial court erred in awarding any attorney's fees to Rodriguez "because there is no showing or allegation in the summary judgment evidence and testimony that [Rodriguez] had a contract to pay any fee to her attorney."

### *Standard of Review*

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A traditional motion for summary judgment is granted only when the movant establishes there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Lesieur v. Fryar*, 325 S.W.3d 242, 246 (Tex. App.—San Antonio

2010, pet denied) (citing *Browning v. Prostok*, 165 S.W.3d 336, 244 (Tex. 2005)). On review, we take evidence favorable to the nonmovant as true and indulge every reasonable inference from the evidence in its favor. *Lesieur*, 325 S.W.3d at 246 (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and evidence favorable to the nonmovant is accepted as true. *Cole v. Johnson*, 157 S.W.3d 856, 859 (Tex. App.—Fort Worth 2005, no pet.) (citing *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995)).

When, as here, a plaintiff moves for summary judgment on her own cause of action, she must establish each element of her claim as a matter of law in order to prove she is entitled to summary judgment. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Once a movant establishes her right to summary judgment, the burden shifts, and the nonmovant must produce some evidence raising a genuine issue of material fact. *Cole*, 157 S.W.3d at 860; *Romo v. Tex. Dep't of Transp.*, 48 S.W.3d 265, 269 (Tex. App.—San Antonio 2001, no pet.).

### *Application*

In this appeal, GTFM challenges the summary judgment only as to the award of attorney's fees. Accordingly, we need not address the validity of the summary judgment as to liability on Rodriguez's claim for breach of contract and violations of the DTPA or the award of damages relating to those claims. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001) (holding court of appeals erred in reversing summary judgment on professional negligence claim because appellant never complained about summary judgment on that claim). Rather, we must limit our review to the summary judgment as it pertains to attorney's fees.

As noted above, GTFM contends, among other things, that summary judgment was improper as to attorney's fees because it raised a fact issue as to the reasonableness of the fees awarded. Specifically, GTFM argues the affidavit of its attorney contradicted that of Rodriguez's attorney, thereby creating a genuine issue of material fact. Rodriguez counters, arguing the affidavit of GTFM's attorney was defective in that it did not meet the minimum requirements and standards of an affidavit. Specifically, Rodriguez argues the affidavit lacked a proper jurat and that GTFM's attorney failed to state the information within the affidavit was based on his personal knowledge and that the facts contained therein were true. We begin our review with Rodriguez's challenges to the affidavit of GTFM's attorney.

Rule 166a(f) of the Texas Rules of Civil Procedure sets forth the required form of affidavits, stating that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." TEX. R. CIV. P. 166a(f). The affiant "must swear that the facts presented in the affidavit reflect his personal knowledge" in order for the affidavit to have probative value; his personal *belief* about the facts is legally insufficient. *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (citations omitted). However, any defects in the form of affidavits "will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." TEX. R. CIV. P. 166a(f). Objections to the form of an affidavit, including that the affiant does not have personal knowledge, is an objection to the form of the affidavit that must be preserved at the trial court and may not be raised for the first time on appeal. *Dulong v. Citibank (South Dakota), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.); *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio, 2000, no pet.); *see* TEX. R. CIV. P. 166a(f). The same is true

for objections that an affidavit lacks a jurat. *See Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 317 (Tex. 2012) (holding that when purported affidavit lacks jurat and litigant fails to provide extrinsic evidence to show it was sworn before authorized officer, opposing party must object to preserve error).

There is nothing in the record showing that Rodriguez objected to the affidavit of GTFM's attorney on the ground that it failed to state it was based on the affiant's personal knowledge and that the facts in it were true. Although Rodriguez objected to another affidavit provided by GTFM on the ground that it was not based on personal knowledge and failed to state the facts therein were true, she did not object to the attorney's affidavit on this basis. Rather, the only objection to the affidavit of GTFM's attorney was that it failed to meet the minimum requirements of an affidavit because it failed to contain a jurat. Therefore, this is the only objection preserved for our review. *See Dulong*, 261 S.W.3d at 893; *Well Solutions, Inc.*, 32 S.W.3d at 317; *see also Mansions in the Forest, L.P.*, 365 S.W.3d at 317.

"A jurat is a certification by an authorized officer, stating that the writing was sworn to before the officer." *Mansions in the Forest, L.P.*, 365 S.W.3d at 316. Neither the Texas Government Code, which defines and sets forth the requirements of an affidavit, nor Rule 166a(f) require that an affidavit contain a jurat. *Id.* With regard to summary judgment affidavits, the supreme court recently noted that Rule 166a(f) does not require that an affidavit used as evidence in a summary judgment proceeding contain an officer's attestation to the affiant's oath. *Id.* at 317. Accordingly, the absence of a jurat is not fatal to a summary judgment affidavit. *See id.*

Moreover, even if a jurat were required, Rodriguez's contention with regard to the affidavit in this case would be without merit. The attorney's affidavit attached to GTFM's

summary judgment response in the clerk's record contains a jurat. Accordingly, GTFM's argument is without merit.[1]

Having considered Rodriguez's preserved challenge to the attorney's affidavit, and finding it without merit, we hold we can consider the affidavit of GTFM's attorney. Accordingly, we now turn to the affidavits themselves to determine whether a genuine issue of material fact exists so as to preclude summary judgment.

For purposes of summary judgment, an attorney's affidavit can sufficiently establish the reasonableness of attorney's fees, which is ordinarily a fact question. *Gaughan v. Nat'l Cutting Horse Ass'n*, 351 S.W.3d 408, 423 (Tex. App.—Fort Worth 2011, pet. denied) (quoting *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373 (Tex. App—San Antonio 1999, pet. denied)); *see Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) ("In general, "[t]he reasonableness of attorney's fees . . . is a question of fact for the jury's determination.") (quoting *Trevino v. Am. Nat'l Ins. Co.*, 140 Tex. 500, 168 S.W.2d 656, 660 (1943)). Summary judgment is proper if the affidavit filed by the movant's attorney "sets forth his qualifications, his opinion regarding reasonable attorney's fees, and the basis for his opinion." *Obregon*, 2 S.W.3d at 373 (citing *Enell Corp. v. Longoria*, 834 S.W.2d 132, 135 (Tex. App.—San Antonio 1992, writ denied). However, where the nonmovant responds by producing a controverting affidavit regarding attorney's fees, a summary judgment award for attorney's fees is improper. *Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 522 (Tex. App.—Dallas 2011, pet. denied); *see Cammack the Cook, L.L.C. v. Eastburn*, 296 S.W.3d 884, 894 (Tex. App.—Texarkana 2009, pet.

---

[1] Moreover, Rodriguez failed to obtain a ruling on her objection to the affidavit based on the alleged absence of a jurat. The failure to obtain a ruling on an objection to the form of an affidavit waives the objection. *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied); *see also Bray v. Fuselier*, 107 S.W.3d 765, 769 (Tex. App.—Texarkana 2003, pet. denied) (holding that party who seeks to affirm summary judgment must object to defects in form of summary judgment affidavits at trial level and obtain ruling of objections; if no ruling obtained, objecting party cannot rely on defect in form for affirming summary judgment).

denied). A controverting affidavit will preclude summary judgment on attorney's fees unless the controverting affidavit does nothing more than criticize the fees sought by the movant as unreasonable without including the nonmovant affiant's qualifications, or the basis for the opinion is not sufficient to defeat summary judgment. *Obregon*, 2 S.W.3d at 373. A controverting affidavit that merely criticizes the fees sought is conclusory and cannot raise a fact issue regarding the reasonableness of the attorney's fees sought by the movant. *Id.* at 374.

The attorney's fee affidavit provided by Rodriguez is similar to the affidavit provided in *Eastburn*, which was held to be sufficient to support summary judgment. *See* 296 S.W.3d 884, 894-95. In an effort to raise a fact issue as to attorney's fees, the nonmovants submitted an affidavit from their attorney that stated, "[t]he attorney fees plaintiff's attorney claims are not necessary or reasonable, and they are an excessive and bad faith demand." *Id.* at 895. The affidavit failed to provide a rationale upon which the statement was based, contained no recitation that the hourly rates charged by the movant's attorney were unreasonable, and failed to aver that the time alleged to have been expended was excessive to accomplish the work stated therein. *Id.* The court held the controverting affidavit was conclusory and as such, insufficient to defeat summary judgment. *Id.*

The affidavit produced by movant Rodriguez is clear, positive and direct, free from contradictions and inconsistencies, and could have been readily controverted. *See* TEX. R. CIV. P. 166a(c) (stating summary judgment may be based on uncontroverted testimony of expert witness if evidence is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted). The affidavit sets the attorney's qualifications as a licensed lawyer of twelve years; provides the amount of time he spent on the case and the type of work he performed; states that he is familiar with the fees customarily

charged by lawyers in Bexar County; and states his normal and customary fee for such service is $250.00 per hour. The affidavit further states his attorney's fees total $15,850.00, appellate attorney's fees for an appeal taken to the Fourth Court of Appeals would total $8,000.00, and appellate attorney's fees for an appeal to the Texas Supreme Court of Texas would total $8,000.00.

Thus, the issue is whether GTFM, through the affidavit of its attorney, produced more than a scintilla of evidence in opposition to Rodriguez's recovery of attorney's fees. We hold that it did.

The controverting affidavit provided by GTFM sets forth the attorney's qualifications as a licensed lawyer with 37 years' experience. The attorney states he has practiced primarily in Bexar County, Texas, that he knows what constitutes reasonable and necessary attorney's fees from his many years of practice in the County, and that he has reviewed the pleadings and other filings in the case. The attorney specifically identifies the amount of time each item of work should have taken Rodriguez's attorney to complete, and provides a total amount of time, 34.5 hours, contradicting the total amount of time of 63.4 hours set forth by the affidavit of Rodriguez's attorney. Further, he disputes the reasonable hourly rate for an attorney in Bexar County in performing such work, stating that $200.00 per hour is reasonable, rather than the $250.00 hourly rate set forth by Rodriguez's attorney.

Because the attorney sets forth his qualifications and creates a basis for his opinion, the affidavit is more than a conclusory criticism like the affidavit rejected in *Eastburn*. 296 S.W.3d at 895. Taking this evidence as true, and indulging all reasonable inferences in GTFM's favor, we conclude GTFM presented more than a scintilla of evidence on the attorney's fees requested

by Rodriguez. Accordingly, we hold a genuine issue of fact exists with regard to the amount of attorney's fees to be awarded and sustain GTFM's first point of error.

Given our disposition of this first point of error, we need not address the second point of error relating to appellate attorney's fees. Those fees were contingent upon an unsuccessful appeal by GTFM. Because GTFM has been successful on appeal, Rodriguez is not entitled to those fees. And, we need not address GTFM's third point of error as it does nothing more than raise an additional ground to overturn the summary judgment as to attorney's fees.

## CONCLUSION

Based on the foregoing, we hold the trial court erred in granting summary judgment in favor of Rodriguez on the issue of attorney's fees. GTFM produced more than a scintilla of evidence to preclude summary judgment. Accordingly, we reverse the trial court's summary judgment with regard to attorney's fees and remand this matter to the trial court for further proceedings consistent with this court's opinion. We affirm that portion of the judgment awarding Rodriguez $4,400.00 in actual and consequential damages, which was not challenged by GTFM.

Marialyn Barnard, Justice