

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00113-CV

Mark **TEMPLE**,
Appellant/Cross-Appellee

v.

**DLJ MORTAGE CAPITAL, INC.**,
Appellee/Cross-Appellant

From the 116th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-01688
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  November 28, 2012

AFFIRMED IN PART, REVERSED AND RENDERED IN PART

Appellant/Cross-Appellee Mark Temple appeals the trial court's grant of summary judgment in favor of appellee/cross-appellant DLJ Mortgage Capital, Inc. ("DLJ"). Temple contends the trial court erred in granting summary judgment in favor of DLJ, claiming there are genuine issues of material fact precluding summary judgment. In its cross-appeal, DLJ appeals the trial court's denial of its request for attorney's fees. We affirm the trial court's judgment in part and reverse and render in part.

**BACKGROUND**

Temple conveyed property to Martin Cantor. Thereafter, Cantor executed a promissory note and a deed of trust in favor of WMC Mortgage ("WMC") in exchange for a loan. A disagreement arose between Cantor, WMC, and Temple regarding the validity of the deed of trust and title to the property.

In 2007, Temple filed suit against Cantor, and later WMC. Then, in 2008, all parties entered into a mediated settlement agreement, which gave title of the property to Cantor and gave Temple an option to purchase the property at a later date. After the settlement, WMC assigned its interests in the note and the deed of trust to DLJ.

Several months after settling with Temple, Cantor purported to convey the property to Temple by special warranty deed. The deed expressly set forth several exceptions, including the deed of trust securing Cantor's indebtedness to WMC, and subjected the deed to WMC's lien interest previously assigned to DLJ. Cantor eventually defaulted on the promissory note. In 2009, DLJ foreclosed on the property.

In 2010, Temple sued DLJ, seeking declaratory relief against DLJ's foreclosure and seeking title to the property.[1] Subsequently, by letter dated March 21, 2011, Temple and DLJ entered into a settlement agreement, i.e. a contract. Among other things, the agreement states Temple would vacate the property within ninety days, would not claim any interest in the property, would not file suit or seek injunctive relief, and would dismiss all claims against DLJ with prejudice. The agreement also stated both parties would execute mutual releases of all present and future claims in the suit, and stated each party would bear its own costs and attorney's fees.

---

[1] Although Temple brought numerous claims for declaratory judgment, in sum, he asked the trial court to declare he had title to the property.

On June 14, 2011, after Temple failed to vacate the property and dismiss all claims against DLJ per the agreement, DLJ filed a breach of contract counterclaim against Temple, seeking enforcement of the settlement agreement. DLJ served Temple with its counterclaim. DLJ then moved for summary judgment on all claims, including Temple's declaratory judgment claims, as well as DLJ's counterclaim and request for attorney's fees. Temple did not respond to DLJ's motion for summary judgment. On September 28, 2011, the trial court granted DLJ's motion.

Temple filed a motion for reconsideration, and the trial court granted the motion, allowing Temple to file a formal response to DLJ's motion for summary judgment. After Temple filed his response, the trial court granted DLJ's motion for summary judgment for a second time, including granting DLJ's request for attorney's fees. Temple again asked the court to reconsider. The trial court amended its summary judgment order, granting DLJ's motion for a third time, but denying DLJ's motion for attorney's fees. Temple timely appealed the summary judgment, and DLJ appealed the denial of its request for attorney's fees.

## ANALYSIS

On appeal, Temple argues the court erred in granting DLJ's motion for summary judgment. Generally, Temple alleges there are genuine issues of material fact that precluded summary judgment, including whether (1) Temple was subject to a binding settlement agreement with DLJ; (2) DLJ failed to prove damages on its breach of contract claim; and (3) DLJ's motion for summary judgment addressed all of Temple's claims; including the claim that DLJ's title was fraudulent.

*Standard of Review*

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A traditional motion for summary judgment is granted only when the movant establishes there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Lesieur v. Fryar*, 325 S.W.3d 242, 246 (Tex. App.—San Antonio 2010, pet denied) (citing *Browning v. Prostok*, 165 S.W.3d 336, 244 (Tex. 2005)). On review, we take evidence favorable to the nonmovant as true and indulge every reasonable inference from the evidence in its favor. *Lesieur*, 325 S.W.3d at 246 (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and evidence favorable to the nonmovant is accepted as true. *Cole v. Johnson*, 157 S.W.3d 856, 859 (Tex. App.—Fort Worth 2005, no pet.) (citing *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995)).

When a plaintiff moves for summary judgment on its own cause of action, it must establish each element of its claim as a matter of law in order to prove it is entitled to summary judgment. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Once a movant establishes its right to summary judgment, the burden shifts, and the nonmovant must produce some evidence raising a genuine issue of material fact. *Cole*, 157 S.W.3d at 860; *Romo v. Tex. Dep't of Transp.*, 48 S.W.3d 265, 269 (Tex. App.—San Antonio 2001, no pet.).

### *Application*

#### *Settlement Agreement*

Temple first argues the trial court could not render judgment based on a contractual settlement. Temple claims he raised a fact issue as to whether he consented to the settlement

agreement at the time it was enforced. Temple states he advised his trial counsel he wanted to withdraw consent from the agreement before it was filed. However, as DLJ points out, Temple confuses the requirements for an agreed judgment with those for an enforceable settlement agreement. *See Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995) (noting agreed judgment requires consent at time rendered, whereas settlement agreement may be enforced, where consent is withdrawn, based on proper pleading and proof).

Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude a trial court, after proper notice and hearing, from enforcing a settlement agreement. *Id.* In this case, DLJ filed a counterclaim to enforce the settlement agreement and properly served Temple with regard to the claim. DLJ subsequently moved for summary judgment, and after notice and hearing, the trial court granted DLJ's motion. Notwithstanding Temple's alleged withdrawal of consent, the trial court was entitled to enforce the settlement agreement as a binding contract. *See id.* Therefore, we hold the trial court did not err in granting DLJ's summary judgment on its breach of contract claim and dismissing Temple's declaratory relief claims seeking title to the property.

*Damages in Breach of Contract Claim*

Temple next argues DLJ did not conclusively establish each element of its breach of contract claim because it did not prove damages, and therefore summary judgment could not have been granted based on this claim. The terms of the letter agreement between Temple and DLJ, among other things, required Temple to vacate the property within ninety days, prevented him from claiming any interest in the property, and required him to dismiss all claims against DLJ with prejudice. All of these requirements represent forms of specific performance that Temple failed to complete. Temple fails to recognize that not every breach of contract claim

requires the establishment of money damages. *See, e.g. Rasmusson v. LBC PetroUnited Inc.*, 124 S.W.3d 283, 287 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (noting valid claim for purposes of section 38.001 recovery is not limited to monetary damages and may include claim for specific performance); *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 797 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (stating required damages are not limited to monetary award based on pecuniary loss). Therefore, DLJ did establish, as a matter of law, the elements of breach of contract, including damages in the form of Temple's failure of specific performance under the contract. Accordingly, we overrule this issue.

*Failure to Address All Claims*

Temple also argues DLJ's motion for summary judgment should have been denied because its motion did not address all of Temple's claims, including the claim that DLJ's title is fraudulent. Specifically, Temple argues his third amended petition added four causes of action that DLJ did not address in its motion for summary judgment, including violations of (1) article 3 of the Texas Business and Commerce Code; (2) the Texas Debt Collection Practices Act; (3) fraud, including fraudulent title; and (4) suit to quiet title. However, the record reflects Temple's third amended petition was untimely filed. The parties' agreed scheduling order set September 1, 2011, as the deadline to amend or supplement pleadings. Temple's third amended petition was filed on October 13, 2011, and was thus untimely and filed without leave of court. *See Fort Brown Villas III Condominium Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009) (noting trial court did not consider expert's affidavit in granting summary judgment because it was filed after deadline provided in agreed scheduling order).

Citing *Goswami v. Metropolitan Sav. And Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988), Temple contends that because the record does not reflect whether the trial court considered the

amended petition, leave of court must be presumed. Even if the trial court considered the amended petition and the new claims found therein, we hold Temple's argument still fails because the filing of the amended pleading represents a breach of the settlement agreement. During oral argument, Temple's counsel conceded that if this court held the settlement agreement was valid, filing of the amended pleading itself was a breach of that agreement, as the agreement required Temple to dismiss all claims against DLJ. Because this court upholds the settlement agreement, Temple's filing of the third amended petition violated the agreement. Accordingly, we overrule his final issues.

### *Attorney's Fees*

The trial court granted DLJ's motion for summary judgment three times, and awarded DLJ attorney's fees the first two times. However, after ruling on Temple's second motion to reconsider, the court eliminated DLJ's recovery for attorney's fees. DLJ now challenges the trial court's denial of attorney's fees.

DLJ claims it is entitled to attorney's fees under Section 38.001 of the Texas Civil Practices and Remedies Code ("the Code"), based on Temple's breach of contract. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008). Alternatively, DLJ argues it is entitled to attorney's fees under the Declaratory Judgment Act, pursuant to Section 37.009 of the Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008).

### *Standard of Review*

A party cannot recover attorney's fees unless permitted by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Reasonable attorney's fees are available to a prevailing party on a breach of contract claim. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8). We review an award of attorney's fees on the basis of breach of contract for

an abuse of discretion. *Gereb v. Smith-Jaye*, 70 S.W.3d 272, 273 (Tex. App.—San Antonio 2002, no pet.). The test for an abuse of discretion is whether the trial court's decision is arbitrary, unreasonable, or without regard to guiding legal principles. *AU Pharmaceutical, Inc. v. Boston*, 986 S.W.2d 331, 337 (Tex. App.—Texarkana 1999, no pet.).

The Declaratory Judgment Act gives the trial court sound discretion in awarding attorney's fees, as long as the fees awarded are reasonable and necessary, which are matters of fact, and equitable and just, which are matters of law. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *see* TEX. CIV. PRAC. & REM. CODE § 37.009.

*Application*

As noted above, the settlement agreement signed by Temple and his lawyer on March 21, 2011, constitutes a binding contract. The agreement stated, among other things, that Temple would vacate the property, drop all claims against DLJ and would relinquish any claim to interest in the property. When Temple failed to vacate the property and failed to dismiss all claims against DLJ, he breached the agreement. Therefore, we hold that under Section 38.001(8) of the Texas Civil Practices and Remedies Code, DLJ is entitled to reasonable attorney's fees as a matter of law.[2]

DLJ proved the reasonableness of its attorney's fees by having its counsel submit an affidavit setting forth his qualifications and his opinion regarding attorney's fees. *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373 (Tex. App—San Antonio 1999, pet. denied). For purposes of summary judgment, an attorney's affidavit can sufficiently establish the reasonableness of attorney's fees, which is ordinarily a fact question. *Gaughan v. Nat'l Cutting Horse Ass'n*, 351 S.W.3d 408, 423 (Tex. App.—Fort Worth 2011, pet. denied) (quoting *Basin*, 2

---

[2] Because this court holds DLJ should receive attorney's fees as a matter of law under Section 38.001 of the Code, we need not reach the issue of discretionary attorney's fees under Section 37.009.

S.W.3d at 373); *see Bocquet*, 972 S.W.2d at 21 ("In general, "[t]he reasonableness of attorney's fees . . . is a question of fact for the jury's determination.") (quoting *Trevino v. Am. Nat'l Ins. Co.*, 140 Tex. 500, 168 S.W.2d 656, 660 (1943)).

The affidavit produced by DLJ's counsel is clear, positive and direct, free from contradictions and inconsistencies, and could have been readily controverted. *See* TEX. R. CIV. P. 166a(c) (stating summary judgment may be based on uncontroverted testimony of expert witness if evidence is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted). Among other things, the affidavit states the attorney's fees would be no less than $6,500.00 at the time of any ruling on DLJ's motion for summary judgment; states the figure reflects both time spent on claims and type of work performed; and mentions DLJ would incur at least an additional $25,000.00 in reasonable and necessary attorney's fees for an appeal taken to the Fourth Court of Appeals.

Temple did not object to DLJ attorney's affidavit at the trial court level or on appeal. Accordingly, because DLJ proved as a matter of law that Temple breached its contract with DLJ, and proved the reasonableness and amount of its attorney's fees by its counsel's uncontested affidavit, we hold the trial court erred in denying DLJ's request for attorney's fees.

### CONCLUSION

Based on the foregoing, we affirm the trial court's judgment in part, upholding the trial court's grant of summary judgment in favor of DLJ on the breach of contract and declaratory judgment claims, but reverse and render judgment that:

- Appellee/Cross-Appellant DLJ Mortgage Capital, Inc. recover $6,500.00 in trial attorney's fees from Appellant/Cross-Appellee Mark Temple;

- Appellee/Cross-Appellant DLJ Mortgage Capital, Inc. recover $25,000.00 in appellate attorney's fees from Appellant/Cross-Appellee Mark Temple because of his unsuccessful prosecution of the appeal in this court;

- In the event Appellant/Cross-Appellee Mark Temple files a petition for review in the Texas Supreme Court, and the petition is denied, Appellee/Cross-Appellant DLJ Mortgage Capital, Inc. shall recover $7,000.00 in attorney's fees from Appellant/Cross-Appellee Mark Temple; and

- In the event Appellant/Cross-Appellee Mark Temple files a petition for review in the Texas Supreme Court, and the petition is granted but this court's judgment is affirmed, Appellee/Cross-Appellant DLJ Mortgage Capital, Inc. shall recover $20,000.00 in attorney's fees from Appellant/Cross-Appellee Mark Temple.

Marialyn Barnard, Justice