**AFFIRM; and Opinion Filed June 6, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00392-CV

### IN RE THE ESTATE OF DOROTHY N. WILLIAMS, DECEASED

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-09-00212-2**

## MEMORANDUM OPINION
Before Justices Fillmore, Stoddart, and Schenck
Opinion by Justice Schenck

Don D. Ford III, the dependent administrator of the Estate of Dorothy N. Williams, deceased ("Ford"), applied to the probate court for authorization to pay attorney's fees and expenses to his law firm, Ford & Bergner LLP ("Law Firm"), for services rendered to the Estate totaling $39,591.45. The probate court approved the claim in the amount of $25,097.62, and directed that it be paid as an expense of administration. Ford appeals, arguing the probate court abused its discretion by not approving the claim in its entirety. We affirm the trial court's order. Because the dispositive issues in this case are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2012, the probate court appointed Ford as the successor administrator of the Estate. Ford is himself a licensed attorney who has practiced law since 1997 and is board certified in estate planning and probate. In his capacity as administrator, Ford managed the

Estate's assets, paid its debts, and prepared its annual accounts. On November 26, 2014, Ford filed an Application for Attorney's Fees ("Application") requesting authorization to pay the Law Firm fees and expenses for the period of March 1, 2012, through September 30, 2014, in the amount of $39,591.45. Ford attached to the Application his affidavit attesting to the reasonableness and necessity of the legal services provided, with itemized billing statements attached.[1] Two other attorneys provided like affidavits.

At the hearing on the Application, Ford testified that the Estate posed many unique challenges which complicated its administration, including owning real property in different counties, and interference by family members. At the conclusion of the hearing, the judge asked Ford whether he was seeking a commission or hourly compensation for his services as the executor. Ford responded that he believed the vast majority of the services he provided were for legal work, for which he was seeking compensation by the Application. He represented he was not seeking any compensation as an executor or administrator, but might reconsider his position if the probate court concluded a significant amount of his time was not compensable as legal work.

The court took the matter under advisement and ultimately authorized Ford to pay the Law Firm fees and expenses in the amount of $25,097.62. Ford filed a motion to reconsider, which the court denied. Ford did not request findings-of-fact or conclusions-of-law. Ford now appeals claiming the trial court abused its discretion by failing to award the entire amount of fees and expenses requested.

**JURISDICTION**

As an initial matter, we must consider whether we have jurisdiction to entertain this

---

[1] The billing statements detail a total of 166.5 hours of services performed at an average billing rate of $224.82 an hour and include out-of-pocket expenses of $2,158.20.

appeal. Generally, an appeal will only arise from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Except in cases "specially provided by law," there can only be "one final judgment" in a case. *In re Estate of Washington*, 289 S.W.3d 362, 365 (Tex. App.—Texarkana 2009, pet. denied). However, by their very nature, actions in probate may involve multiple judgments on "certain discrete issues," each of which might be a final judgment for the purpose of appeal. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). The Texas Estates Code provides that "A final order issued by a probate court is appealable to the court of appeals." TEX. ESTATE CODE ANN. § 32.001(c) (West 2014). The order at issue in this case is one concerning a claim against the Estate. Section 355.057(a) of the estates code provides that a probate court shall issue an order approving a claim in whole, denying a claim in whole, or approving a claim in part and disapproving it in part. *Id*. § 355.057(a). An order entered under subsection (a) has the effect of a final judgment. *Id*. § 355.057(b). The estates code further provides that "a claimant ... who is dissatisfied with the court's action on a claim may appeal the action to the court of appeals in the manner other judgments of the county court in probate matters are appealed." *Id.* § 355.058.

We conclude that the order authorizing the payment of attorney's fees in the amount of $25,097.62 constitutes a final and appealable order. *See e.g.*, *In re Estate Washington*, 289 S.W.3d at 365. Consequently, we have jurisdiction over the issue raised in this case. *Cf. Eastland v. Eastland*, 273 S.W.3d 815, 821 (Tex. App.—Houston [14th Dist. 2008, no pet.) (appellate courts have jurisdiction over probate court order that finally adjudicates a substantial right).

## ANALYSIS

Ford claims that the court erred in denying a portion of attorney's fees and expenses requested. Section 352.051 of the estates code allows a personal representative of an estate to

recover necessary and reasonable expenses incurred in preserving, safekeeping, and managing the estate, on proof satisfactory to the court. TEX. ESTATE CODE § 352.051(1) (West 2014). Because the court's order does not parcel out the award of fees from the award of expenses, and because no findings of fact were made in this case, Ford has failed to establish the probate court denied any of the claimed expenses. Consequently, the denial of claimed expenses is not a basis for a claim of error on appeal.

As to attorney's fees, Texas law does not permit the recovery of attorney's fees unless authorized by statute or contract. *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 568 (Tex. 2002). Section 352.051 provides that on proof satisfactory to the court, a personal representative of an estate is entitled to reasonable attorney's fees necessarily incurred in connection with the proceedings and management of the estate. TEX. ESTATE CODE § 352.051(2). This necessarily raises the question of whether an attorney, as an administrator of an estate, may also perform the legal work and be compensated for his reasonable attorney's fees. Serving in dual capacities as attorney and administrator is permissible. *See Burton v. Bean*, 549 S.W.2d 48, 51 (Tex. Civ. App.—El Paso 1977, no writ).

As we previously stated, section 352.051(2) of the estates code provides a basis for the recovery of attorney's fees. This is the statute upon which Ford relies in seeking authorization to pay the Law Firm. Statutes providing that a party "may recover," "shall be awarded," or "is entitled to" attorney's fees are not discretionary. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). While section 352.051(2) provides a personal representative "is entitled to" recover attorney's fees, it also imposes three limitations on such a recovery. The first is that the fees must be reasonable. In general, the reasonableness of attorney's fees, the recovery of which is authorized by statute, is a question of fact for the fact finder's determination. *Trevino v. American Nat'l Ins. Co.*, 140 Tex. 500, 168 S.W.2d 656, 660 (1943). The second limitation, that

–4–

the fees must be necessary, is likewise a question of fact. *General Motors Corp. v. Bloyed*, 916 S.W.2d 949, 961 (Tex. 1996). The remaining limitation is the attorney's fees must have been incurred in connection with the proceedings and management of the estate.

In sum, section 352.051 entrusts attorney's fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirement that the fees be incurred in connection with the proceedings and management of the estate. *See Norman v. Finley*, No. 04–01–00394–CV, 2002 WL 341585, at *10 (Tex. App.—San Antonio March 6, 2002, no pet.) (We review the probate court's decision not to award attorneys' fees under section 242 (now section 352.051) and the Declaratory Judgment Act under an abuse of discretion standard). Therefore, in reviewing the probate court's order concerning an attorney's fee claim under section 352.051(2), we must determine whether the probate court was entitled to conclude some of the requested fees were not reasonable and necessary, whether the commingled roles of attorney and administrator resulted in potential overlap or duplication of activities, or whether some of the requested fees were not for legal services but for tasks performed by Ford in his capacity as the administrator of the Estate.

We cannot conclude that the court abused its discretion in setting the amount of fees as it did. For example, the record before this Court shows that some of the compensation sought by the Law Firm was for activities that were administrative in nature, rather than legal. Among other administrative activities, the Law Firm's itemized billing statements include entries for traveling to a bank to set up an Estate bank account, obtaining access to online banking records, coordinating checks and receipts for each creditor, a telephone call to previous counsel to pick up checks, telephone calls with the heirs, preparing annual accounts, and communications with real estate agents concerning the general status of properties. Under these circumstances, the probate

court was entitled to conclude the Law Firm had charged the Estate for attorney time when the activity reported had no actual legal significance, and to exclude those charges from the fee award.   Accordingly, we overrule Ford's issue.

**CONCLUSION**

We affirm the probate court's order on Ford's Application for Attorney's Fees.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

150392F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE THE ESTATE OF DOROTHY N. WILLIAMS, DECEASED

No. 05-15-00392-CV      V.

On Appeal from the Probate Court No. 2, Dallas County, Texas
Trial Court Cause No. PR-09-00212-2.
Opinion delivered by Justice Schenck.
Justices Fillmore, and Stoddard participating

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that appellee  recover its costs of this appeal from Don D. Ford III.


Judgment entered this 6th day of June, 2016.